U. S. DISTRIC
WESTERN DISTRIC
FILED
JUL 2 8 2008
CHRIS R. JOHNSO
BY
      DEPUTY CLER

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DANYELL ASHWILL                                               PLAINTIFF

v.                         Case No. 08-5169

LINDSEY MANAGEMENT CO., INC.                                  DEFENDANT

## COMPLAINT

Comes now the Plaintiff, Danyell Ashwill, by and through her attorney, Rebekah J. Kennedy, and for her Complaint against Lindsey Management Co., Inc., states:

1. The Plaintiff, Danyell Ashwill is an individual resident of the state of Oklahoma.

2. The Defendant, Lindsey Management Co., Inc. is an Arkansas Corporation having it's principal place of business in Fayetteville, Washington County Arkansas within the Fayetteville division of the Western District of Arkansas. Lindsey Management is an employer within the meaning of 42 U.S.C. § 2000e *et. seq.* in that it employs more than 15 employees and upon information and belief may employ more than 500 employees.

3. Venue and Personal Jurisdiction are proper in that the defendant has it's principal place of business in this district and division and a substantial part of the acts and omissions complained of occurred in this district and division.

4. Subject matter jurisdiction is proper under 28 U.S.C. § 1331, Federal Question Jurisdiction, in that this Complaint consists of a claim addressing a violation of 42 U.S.C. § 2000e *et. seq.* and pendant state claims arising from the same set of operative facts.

### COUNT I: Sex Discrimination

5. Lindsey Management regularly uses a discriminatory hiring policy of hiring only married females as apartment managers and only males who are the husbands of those females as maintenance men. Very few exceptions are made to this policy, such that sex is a determining factor regarding if and in what capacity applicants will be hired by Lindsey.

6. Lindsey Management offered Mrs. Ashwill a position as apartment manager in spite of her husband's unwillingness to accept employment with Lindsey. However, on or about March 30, 2007, the offer was withdrawn because higher management at Lindsey was ultimately unwilling to grant an exception to its policy. As a result, Mrs. Ashwill was denied a position which she would have received, but for the application of the discriminatory Lindsey policy.

7. Lindsey Management used a misdemeanor criminal record of Mr. Ashwill as a pretext to withdraw its offer to Mrs. Ashwill, although Lindsey Management was aware of this record when it sought to employ both of the Ashwills.

8. These acts constitute discrimination on the basis of sex in violation of 42 U.S.C. § 2000e et. seq. and in particular, 42 U.S.C. § 2000e-2 (a)(1) and 42 U.S.C. § 2000e-2 (a)(2).

9. If Danyell Ashwill had been employed by Lindsey Management, she would have earned approximately $32,000.00 per year and a rent free apartment.

10. In her current employment, Danyell Ashwill earns $18,720 per year such that she is owed back pay of $17,706.67 for 16 months as of the date of this complaint which will continue to accrue at the rate of 1,106.67 per month through the date of judgement.

11. Danyell Ashwill has suffered and is entitled to recover additional out of pocket damages in the amount of $12,000 for 16 months rent which will also continue to accrue at the rate of $750 per month through the date of judgment.

12. Danyell Ashwill has suffered stress, emotional distress, embarrassment, inconvenience and humiliation for which she is entitled to compensatory damages as determined by a jury within the limitations set by 42 U.S.C. § 1981(a)(3)(D).

13. Lindsey Management acted wilfully in knowing violation of and deliberate indifference to federal equal employment law and Danyell Ashwill's rights under the same such that a substantial award of punitive damages as determined by a jury within the limits set by 42 U.S.C. § 1981(a)(3)(D) is appropriate.

14. Danyell Ashwill is entitled to instatement or in the alternative front pay.

15. Lindsey Management's current unlawful policy of hiring only husband and wife teams and assigning jobs by sex poses a substantial likelihood of irreparable harm to Danyell Ashwill in that it is an obstacle to her successful functioning in the position upon instatement and an obstacle to her in regard to future employment opportunities with Lindsey Management.

16. Lindsey Management's policy of hiring only husband and wife teams and assigning jobs on the basis of sex should be permanently enjoined.

17. Danyell Ashwill is entitled to recover her costs and attorney fees in this matter in accordance with federal law.

## COUNT II: Common Law Detrimental Reliance

18. All of the forgoing paragraphs are re alleged as if set forth fully herein.

19. On March 22, 2007, prior to its discriminatory failure to hire ms. Ashwill, Lindsey Management sent her the letter offer of employment attached hereto as exhibit A and incorporated by reference as if set forth fully herein.

20. Ms. Ashwill relied to her detriment on this offer of employment by selling off or relocating all of her household goods, incurring legal expenses for obtaining a family court order permitting relocation, and inducing her husband to transfer to a different position with his employer causing him to miss 2 ½ weeks of work (at $500 per week) and ultimately to be reemployed at his original location at a rate of pay $50 less per week.

21. Ms. Ashwill has suffered the following damages which are in addition to those described in Count I and not in the alternative: replacement of household goods $650; loss of household income $4,700 (continuing to accrue at $50 per week); travel and relocation expenses of $575; and family court attorney fees of $1000. These damages total $6,025.

### JURY DEMAND

22. Plaintiff demands a jury trial on all issues triable to a jury in this case.

WHEREFORE, the Plaintiff prays for damages and injunctive relief as set forth above, for cost and attorney fees as allowed by applicable law and for all other proper relief.

Respectfully submitted,

Rebekah J. Kennedy
Ark Bar No. 2004179
Law Office of Rebekah Kennedy, P.A.
P.O. Box 425
Greenbrier, AR 72058
(479) 879-8223
Attorney for Plaintiff